UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:    Rick Parsittie v. Schneider Logistics, Inc., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

         Deputy Clerk:                      Court Reporter:
         Rita Sanchez                       Not Reported

         Attorneys Present for Plaintiff:   Attorneys Present for Defendant:
         None Present                       None Present

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS' MOTION TO
                                 DISMISS AND/OR STRIKE THIRD AMENDED
                                 COMPLAINT [50]

        Before the Court is Defendants Schneider Logistics Transloading and
Distribution, Inc., Schneider Logistics Transportation, Inc., and Schneider Logistics,
Inc.'s Motion to Dismiss and/or Strike Portions of Plaintiff's Third Amended
Complaint (the "Motion"), filed on January 31, 2020.  (Docket No. 50).  Plaintiff Rick
Parsittie filed an Opposition on February 24, 2020.  (Docket No. 56).  Defendants filed
a Reply on March 3, 2020.  (Docket No. 57).

        The Motion was noticed to be heard on March 23, 2020.  The Court read and
considered the papers filed on the Motion and deemed the matter appropriate for
decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The
hearing was therefore **VACATED** and removed from the Court's calendar.  Vacating
the hearing is also necessary because of the Continuity of Operations Plan (COOP)
arising from the COVID-19 emergency.

        For the reasons discussed below, the Motion is **GRANTED *without leave to
amend***.  Plaintiff failed to cure deficiencies identified by the Court in its previous
Order dismissing Plaintiff's Second Amended Complaint.  Hence, Plaintiff's claims
fail for many of the same reasons:

- Plaintiff's class definition is ***still*** overly-broad and too vague, as it
  includes any person who has worked for any staffing agency in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 19-3981-MWF (AFMx)**                    **Date:  April 3, 2020**
**Title:       Rick Parsittie v. Schneider Logistics, Inc., et al.**

- Plaintiff's First and Second Claims *still* fail because Plaintiff's theories are insufficient to state a claim as a matter of law.

- Plaintiff's Third Claim *still* fails because Plaintiff fails to allege facts tending to support compensable violations.

- Plaintiff's Fourth Claim *still* fails because it is derivative of his First through Third Claims, it is insufficiently pled, and it would create an impermissible double recovery.

- Plaintiff's Fifth Claim *still* fails because it is derivative of his First through Third Claims, and because Plaintiff fails to dispute Defendants' alternative grounds for dismissal.

- Plaintiff's Sixth and Seventh Claims *still* fail because they are derivative of Plaintiff's other claims.

- Plaintiff's Eighth Claim fails because Plaintiff failed to comply with pre-filing notice requirements.

## I.    **BACKGROUND**

On September 21, 2018, Plaintiff commenced this putative class action in the Santa Clara County Superior Court.  (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1)).  On November 1, 2018, Plaintiff filed a First Amended Complaint.  (*Id.* ¶ 3).  On March 15, 2019, Plaintiff filed a Second Amended Complaint.  (Docket No. 15).  On October 29, 2019, the Court granted Defendants' Motion to Dismiss and/or Strike Plaintiff's Second Amended Complaint with leave to amend ("MTD Order").  (Docket No. 41).  In its order and at the hearing, the Court informed Plaintiff that "any future successful motions to dismiss will be granted without leave to amend."  (*Id.* at 15).  On December 13, 2019, Plaintiff filed a Third Amended Complaint ("TAC").  (Docket No. 46).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:       Rick Parsittie v. Schneider Logistics, Inc., et al.

The following facts are based on the TAC, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff, a California resident, worked for Defendants as a non-exempt, hourly employee from December 2016 to September 21, 2017.  (TAC ¶¶ 5, 21).

Plaintiff alleges that Plaintiff and the putative class were not provided with meal periods of at least thirty minutes for each five hour work period, or rest periods of at least ten minutes for each four hour work period, due to (1) Defendants' policy of not scheduling each meal or rest period as part of each work shift; (2) chronically understaffing each work shift with insufficient workers; (3) imposing excessive work on each employee such that it made it unlikely that employees would be able to take breaks if they wanted to timely finish work; (4) not having written meal and rest period policies that encouraged employees to take their meal and rest periods; (5) Defendants' policy of not paying employees for time spent waiting in line to clock in after meal breaks; and (6) Defendants' policy of not paying employees for time spent waiting in line to pass through security.  (*Id.* ¶¶ 22, 26).

Plaintiff alleges that, as a result of Defendants' policy, Plaintiff and the putative class were "regularly not provided with uninterrupted [compliant] meal periods" and were "regularly not provided with uninterrupted [compliant] rest periods."  (*Id.* ¶¶ 26-29).

As to off the clock work, Plaintiff alleges that he "and other class members would have to go through a security check when entering or leaving the facility" and "typically would have to wait five to fifteen minutes in line."  (*Id.* ¶ 32).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

As to wage statements, Defendants are alleged to have failed to provide
"accurate wage statements" because "all hours worked, including overtime, were not
included."  (*Id.* ¶¶ 36-40).

Based on the above allegations, Plaintiff asserts eight wage-and-hour-related
claims against Defendants: (1) unpaid meal period premiums; (2) unpaid rest period
premiums; (3) unpaid overtime wages; (4) non-compliant wage statements; (5) final
wages not timely paid; (6) violations of California's Unfair Competition Law ("UCL"),
Cal. Bus. & Profs. Code §§ 17200, *et seq.*; (7) violations of California's Private
Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698, *et seq.*; and (8)
violations of California's Labor Code, Cal. Lab. Code § 2810.3.  (*Id.* ¶¶ 41-142).

Plaintiff brings this action on behalf of himself and the following putative
classes and subclasses:

**Hourly Employee Class**: All persons employed by Defendants and/or any
staffing agencies in hourly or non-exempt positions in California during the
Relevant Time Period (defined as four years prior to the filing of this action until
judgment is entered).

**Meal Period Sub-Class**: All Hourly Employee Class members who worked in a
shift in excess of five hours during the Relevant Time Period.

**Rest Period Sub-Class**: All Hourly Employee Class members who worked a
shift of at least three and one-half (3.5) hours during the Relevant Time Period.

**Wage Statement Penalties Sub-Class**: All Hourly Employee Class members
employed by Defendants in California during the period beginning one year
before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**: All Hourly Employee Class members who
separated from their employment with Defendants during the period beginning
three years before the filing of this action and ending when final judgment is
entered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-3981-MWF (AFMx)                    **Date:**  April 3, 2020
**Title:**       Rick Parsittie v. Schneider Logistics, Inc., et al.

**UCL Class**: All Hourly Employee Class members employed by Defendants in
California during the Relevant Time Period.

(*Id*. ¶ 13).

## II.   **LEGAL STANDARD**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v.
Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth
Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a
cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable
legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a
motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a
claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting
*Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal
conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature
of respondent's allegations, rather than their extravagantly fanciful nature, that
disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus &
Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded
complaint may proceed even if it strikes a savvy judge that actual proof is improbable,'
plaintiffs must include sufficient 'factual enhancement' to cross 'the line between
possibility and plausibility.'"  *Id.* at 995 (quoting *Twombly*, 550 U.S. at 556-57)
(internal citations omitted).

The Court must then determine whether, based on the allegations that remain
and all reasonable inferences that may be drawn therefrom, the complaint alleges a
plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen.
Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a
complaint states a plausible claim for relief is 'a context-specific task that requires the
reviewing court to draw on its judicial experience and common sense.'" *Ebner v.
Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where
the facts as pled in the complaint indicate that there are two alternative explanations,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:       Rick Parsittie v. Schneider Logistics, Inc., et al.

only one of which would result in liability, "plaintiffs cannot offer allegations that are
merely consistent with their favored explanation but are also consistent with the
alternative explanation.  Something more is needed, such as facts tending to exclude
the possibility that the alternative explanation is true, in order to render plaintiffs'
allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d
at 960.

As for Defendants' request to strike, the purpose of Rule 12(f) is "to avoid the
expenditure of time and money that must arise from litigating spurious issues by
dispensing with those issues prior to trial." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123,
1145 (N.D. Cal. 2010).  Striking class allegations prior to a formal certification motion
is generally disfavored due to the lack of a developed factual record.  *See Cholakyan v.
Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating that
"it is in fact rare to [strike class allegations] in advance of a motion for class
certification," and holding that "it is premature to determine if this matter should
proceed as a class action" because discovery had not begun); *Meyer v. Nat'l Tenant
Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014) (declining to consider the
adequacy of class allegations on a motion to strike).

The Court may strike class allegations, however, when no class action can
possibly be maintained on the face of the pleading.  *See Tietsworth*, 720 F. Supp. at
1145 (striking class allegations due to predominance of individual issues on certain
claims); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015)
("Rule 12(f) also grants courts the authority to strike class allegations that cannot
Maher is sufficiently obvious from the pleadings, a court may strike class
allegations.").

## III.   **REQUEST FOR JUDICIAL NOTICE**

In conjunction with its Motion, Defendants request that the Court take judicial
notice of (1) legislative history concerning A.B. 3731; (2) a "Department of Industrial
Relations Opinion Letter" concerning wage statements; (3) orders in other cases
discussing similar issues; and (4) a March 15, 2019 letter from Plaintiff providing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020

Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

Defendants with notice of anticipated amendments to Plaintiff's complaint.  (*See* Request for Judicial Notice, Docket No. 50 at 39-92 ("RJN")).  Plaintiff did not object to the RJN.

As to Plaintiff's letter, Plaintiff alleges he notified Defendants of statutory violations detailed below for the first time in a March 15, 2019 letter.  (TAC ¶ 135). Plaintiff did not attach that letter to the TAC.  Because it is undisputed that Plaintiff's first notice regarding said statutory violations was on March 15, 2019, the Court need not consider the letter's contents, in addition to the TAC's allegations, to decide the Motion.  As to the court orders, because they are offered as persuasive authority, it would be odd for the Court to take judicial notice of them.  Finally, the Court did not rely on the proffered legislative history or opinion letter in deciding the Motion.

Accordingly, the RJN is **DENIED** *as moot*.

IV.   **DISCUSSION**

Defendants argue the TAC should be dismissed because (1) Plaintiff's proposed class is ill-defined and overbroad; (2) Plaintiff's meal and rest period claims lack specificity and similar allegations have previously been rejected by this Court and other courts; (3) Plaintiff's regular and overtime wage violations claim fails to allege facts regarding instances in which he was denied overtime; (4) Plaintiff's wage statement claim is derivative, the wage statements were accurate, and Plaintiff fails to allege the requisite injury; (5) Plaintiff's wage statement claim also fails to the extent it seeks recovery under section 226.7 because that section does not require certain itemized payments on wage receipts; (6) Plaintiff's waiting time penalties claim is derivative, insufficiently pled, and fails because the payments are not "wages earned" sufficient to trigger liability; (7) Plaintiff's UCL claims are derivative and seek improper relief; (8) Plaintiff's PAGA claim is derivative; (9) Plaintiff's claim under California Labor Code section 2810.3 exceeds the Court's leave to amend, does not satisfy that section's pre-filing notice requirements, and fails for three alternative reasons discussed below; (10) Plaintiff fails to plead joint employer liability; (11) Plaintiff lacks standing to seek injunctive relief; and (12) Plaintiff's allegations concerning pay timing requirements should be stricken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

## A.    Plaintiff's Proposed Class is Overbroad

As a preliminary matter, Defendants argue that Plaintiff's class definition, which includes all persons employed by "Defendants and/or any staffing agencies in hourly or non-exempt positions in California during the Relevant Time Period" is "overbroad, ill-defined and unascertainable" because it includes employees of "any staffing agencies" who are not alleged to have worked for Defendants.  (Motion at 2-3) (citing *Bush v. Vaco Tech. Servs.*, LLC, 2018 WL 2047807, at *6 (N.D. Cal. May 2, 2018)). Defendants also argue this definition "essentially seeks to hold Defendants liable for the conduct that unidentified staffing agencies committed against their own employees."  (*Id*. at 3).  Accordingly, Defendants move to dismiss or strike Plaintiff's class allegations.  (*Id*.)

In opposition, Plaintiff first argues that the TAC "plainly alleges conduct by Defendants including unpaid security checks that resulted in workers at their facility incurring compensable work they were not paid for."  (Opposition at 13).  Second, Plaintiff argues that to the extent Defendants are joint employers, they have "an independent obligation to ensure that employees working at [their] facility receive legally compliant meal and rest breaks."  (*Id*. at 14) (citing *Benton v. Telecom Network Specialists, Inc.*, 220 Cal. App. 4th 701, 163 Cal. Rptr. 3d 415 (2013)).

The Court agrees with Defendants that a class definition that vaguely includes any person who has worked for "any staffing agency" is fatally overbroad.  The cases cited by Plaintiff demonstrate this very point.  For example, Plaintiff cites the Northern District of California's granting of a motion to dismiss putative class claims where the class was defined as "[a]ll persons employed directly by Google and/or through any staffing agencies and/or any third parties who worked in Google Expedition team positions in the United States during the relevant time period."  (Opposition at 10) (citing *Bush*, 2018 WL 2047807, at *3).  The *Bush* court noted that this class definition was overbroad, in part, because it "seeks to include every individual performing services for Google in California through *any* staffing agency… which could encompass anyone from a temporary worker making minimum wage to consultants and legal counsel earning thousands of dollars per hour."  2018 WL 2047807, at *3 (emphasis in original).  Due to plaintiff's overbroad class definition, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-3981-MWF (AFMx)**                **Date:  April 3, 2020**
**Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.**

concluded that plaintiff "does not plausibly allege claims on behalf of this overbroad
class, or that Bush could somehow represent all of them."  *Id.*

Here, Plaintiff's class definition is broader than the impermissibly broad class
definition in *Bush* because it is not limited to staffing agencies used by Defendants or
those that employed Plaintiff.  Plaintiff does not even allege he ever worked for a
staffing agency.  That Defendants may undertake certain duties "to the extent they are
joint employers" is irrelevant to the viability of Plaintiff's overbroad class definition
because that definition is not limited to staffing agencies acting as "joint employers."
(TAC ¶ 13).  Instead, Plaintiff's class definition after multiple amendments includes
individuals employed by "any staffing agencies in hourly or non-exempt positions in
California during the Relevant Time Period" regardless of any relationship with
Defendants.  (*Id.*)  This definition is overbroad.

Consistent with the Court's prior warnings concerning additional amendments,
the Motion is **GRANTED** *without leave to amend* as to Plaintiff's class allegations.

## B.    <u>Plaintiff's Meal and Rest Period Claims are Insufficiently Pled</u>

California Labor Code section 226.7(b) provides that "[a]n employer shall not
require an employee to work during a meal or rest or recovery period."  Defendants
argue that Plaintiff's meal and rest period claims are insufficiently pled.  Defendants
identify the five factual theories on which these claims are based: (1) Defendants'
failure to schedule meal and rest breaks in each shift; (2) the absence of formal written
meal and rest period policies that encourage employees to take their meal and rest
periods; (3) understaffing with "productivity requirements" that means employees
cannot take breaks and finish their work on time; (4) periods shortened by the time
spent clocking in and out for meal breaks; and (5) Defendants' failure to pay for time
spent waiting in security lines.  (Motion at 3-4) (citing TAC ¶¶ 22, 25-26, 28, 52, 64).

Defendants note that the Court previously determined that Plaintiff's first,
second, and third theories do not state a claim and argue that the TAC includes no new
allegations that warrant a different result here.  (*Id.*) (citing MTD Order at 8-10).  For
the fourth and fifth theories, Defendants argue that Plaintiff fails to allege specific

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-3981-MWF (AFMx)                    **Date:**  April 3, 2020
**Title:**        Rick Parsittie v. Schneider Logistics, Inc., et al.

facts, including facts concerning the duration of meal breaks or facts suggesting that
Plaintiff was prevented from extending meal breaks.  (Motion at 5).  Citing *Landers v.
Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), Defendants argue
this is fatal to Plaintiff's claims.  (*Id*.)  Defendants additionally argue that, even if
Plaintiff experienced a shortened meal period, the meal and rest period claims fail
because Plaintiff does not adequately allege "who instructed him to wait in line, why
Plaintiff… waited in line to clock out or how this resulted in shortened meal periods."
(*Id.* at 6) (citing *Ortega v. Watkins & Shepard Trucking, Inc.,* 2019 WL 28711671, at
*5 (C.D. Cal. Mar. 27, 2019)).

       Plaintiff responds that he and class members "were not free to leave the premises,
because they could not do so without undergoing security inspections" and, thus, "the
TAC adequately pleads meal and rest break violations."  (Opposition at 6-7).  Plaintiff
further contends that alleging he "had to wait in line to clock back in during" meal
periods and that "Defendants had no written meal and rest break policies" is "sufficient
to state a claim for missed meal and rest breaks."  (*Id.* at 7-8).

       The Court disagrees.  Plaintiff does not address the Court's previous rejection of
Plaintiff's first theory.  Additionally, Plaintiff does not dispute that other courts have
rejected Plaintiff's premise that a defendant's failure to schedule meal and rest breaks
as sufficient to state a claim.  *See Nguyen v. Baxter Healthcare Corp.*, No. 8:10-CV-
01436-CJC, 2011 WL 6018284, at *7 (C.D. Cal. Nov. 28, 2011) (no requirement under
California law for defendant to "schedule[] any meal breaks for plaintiff"); *Perez v.
Safety-Kleen Sys., Inc.*, 253 F.R.D. 508, 515 (N.D. Cal. 2008) (finding "no authority . .
. for the proposition that an employer is required to schedule meal breaks for its
employees or to inform employees of meal break rights other than to post Wage Order
posters").  Similarly, Defendants point to persuasive authority, unrebutted by Plaintiff,
finding that vaguely alleging failure to schedule meal and rest break periods and
alleging a lack of formal written policies encouraging such breaks is insufficient to
state a claim.  *See Bush*, 2018 WL 2047807, at *7.

       As to Plaintiff's third theory, Plaintiff again does not rebut Defendants' caselaw
holding that workload pressure alone is insufficient to state a claim.  Additionally, "the
question of why a break was not taken or completed is the central inquiry on such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020

Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

claims" because while it would be illegal for Defendants to "pressure employees to perform their duties in ways that omit breaks," facts must be pled to show "that these rest breaks were in essence impermissibly denied rather than skipped by choice because [Plaintiff] felt rushed."  *Avina v. Marriott Vacations Worldwide Corp.*, No. SA-CV-18-00685-JVS(JPRx), 2018 WL 6844713, at *4 (C.D. Cal. Oct. 15, 2018). Accordingly, these theories fail.

Plaintiff's fourth theory and similar fifth theory come the closest to stating a claim, because they provide allegations regarding actions by Defendants that allegedly resulted in Plaintiff and class members missing meal and rest breaks.  As Defendants note, however, Plaintiff does not cite any allegation in the TAC supporting that Plaintiff and class members "were not free to leave the premises" during breaks, nor does the TAC allege facts to support that Plaintiff could not extend his meal breaks to account for time spent passing through security.  *See, e.g., Hernandez v. Houdini, Inc.*, No. SA-CV-16-1825-DOC(JCGx), 2017 WL 8223987, at *8 (C.D. Cal. Mar. 21, 2017) (dismissing meal and rest period claim for failure to "allege who it was that cut short or cancelled his meal or rest periods, on what basis they were cut short and cancelled, who ordered Plaintiff and/or others to falsify their time cards") (citing *Byrd v. Masonite Corp.*, No. ED-CV-16-35-JGB(KKx), 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016)).  For example, Plaintiff alleges that he and class members "would typically have to wait in line before they could clock in and out for their meal periods" and "usually there was a line of people waiting to clock in."  (TAC ¶ 24).  Plaintiff claims he "typically would have to wait in the security check line five to fifteen minutes during his meal breaks..." (*Id.* ¶ 25).  While "it is difficult to for Plaintiff to remember on which exact dates Defendants failed to provide Plaintiff with meal breaks," Plaintiff alleges that "Defendants did not provide Plaintiff with meal breaks approximately 5 days a week."  (*Id.* ¶ 27).  As in *Hernandez* and *Byrd*, these allegations and the TAC's remaining conclusory allegations provide insufficient "details that make it plausible—as opposed to conceivable—that [Defendants] failed to provide required meal and rest periods under § 226.7."  (*Id.*)

Accordingly, the Motion is **GRANTED** *without leave to amend* as to Plaintiff's First and Second Claims.

---

**CIVIL MINUTES—GENERAL**                                                        **11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

C.    **Plaintiff's Regular and Overtime Wage Violations Claim Is Insufficiently Pled**

Defendants argue that Plaintiff's Third Claim for regular and overtime wage violations fails because the TAC fails to allege "facts regarding the dates on which Plaintiff [and class members] worked overtime off-the-clock, worked more than eight hours in a day or more than 40 hours in a week, or were not compensated for their work." (Motion at 8) (citing *Landers*, 771 F.3d at 645).  Defendants argue that the dates alleged in the TAC are insufficient because they are not bolstered by facts connecting Plaintiff's allegations "to any alleged off-the-clock work on any of those dates…" (*Id.*)  According to Defendants, the TAC is also devoid of facts regarding how Defendants "directed, permitted or otherwise discouraged" Plaintiff and class members to work off-the-clock "or from whom such direction, permission, or encouragements came."  *(Id.)* (citing *Ortega v. Watkins & Shepard Trucking, Inc.*, 2019 WL 2871161, at *5 (C.D. Cal. Mar. 27, 2019)).

In opposition, Plaintiff argues that Defendants have been put on notice by Plaintiff's allegation that Defendants "required Plaintiff and other employees to go through security checks when entering or leaving the facility, that this occurred off-the-clock, and that they were not paid for this time."  (Opposition at 4) (citing TAC ¶¶ 25, 32).  Specifically, Plaintiff argues that "there is no doubt that the TAC states a claim for unpaid off-the-clock work" under the California Supreme Court's recent holding in *Frlekin v. Apple, Inc.,* 8 Cal. 5th 1038, 457 P.3d 526 (2020).  (*Id.* at 5).   Plaintiff further suggests that "it can be inferred that the off-the-clock security checks caused Plaintiff to work more than 8 hours a day," as Plaintiff alleges he "typically worked eight hour shifts Monday through Friday" and that he would "go through a security check when entering and leaving the facility."  (*Id.* at 6) (citing TAC ¶ 21).

The Court agrees with Defendants.  Application of the principles in *Landers* at the pleading stage requires Plaintiff to allege facts tending to support he "worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."  *Ortega v. Watkins & Shepard Trucking, Inc.,* 2019 WL 4544431, at *4 (C.D. Cal. June 17, 2019) (quoting *Landers*, 771 F.3d at 644-45); *see also Boon v. Canon Bus. Sols., Inc.*, 592 Fed. Appx. 631, 632 (9th Cir. 2015)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:        Rick Parsittie v. Schneider Logistics, Inc., et al.

("*Landers* also held that plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages.").  Despite the Court's prior amendment instructions, Plaintiff's TAC again proffers nothing more than legal conclusions and vague allegations that do not satisfy this minimal pleading standard.  (MTD Order at 11) ("As Plaintiff is amended his complaint, he should add allegations describing how Defendants' policy of requiring Plaintiff and class members to pass through security prior to clocking in resulted in unpaid wages…").  Instead, Plaintiff lists dates in 2017 on which Defendants allegedly "failed to provide Plaintiff with compliant rest breaks" to "the best of [Plaintiff's] recollection at this time."  (TAC ¶ 30).  Plaintiff generally alleges that "[t]his off the clock work included time spent waiting in line to pass through security checks before the start of the shift and during meal breaks and time spent waiting in line to clock in at the start of the shift and during meal breaks."  (*Id.* ¶ 82).  Plaintiff, however, "has not alleged facts explaining how waiting in line can constitute overtime, nor has he alleged any facts showing this waiting time was not compensated."  *Avalos v. Amazon.com LLC*, No. 118CV00567DADBAM, 2018 WL 3917970, at *4 (E.D. Cal. Aug. 14, 2018) (dismissing overtime claim because "plaintiff does not allege facts that would give rise to the conclusion that the time he spent waiting in line was compensable as overtime.").

*Frlekin* does not warrant a different result, nor does it create Plaintiff's proposed inference "that the off-the-clock security checks caused Plaintiff to work more than 8 hours a day" despite Plaintiff alleging no facts to support such an inference. (Opposition at 6) (citing TAC ¶ 21).  *Frlekin* affirmatively answered a certified question after the class certification and summary judgment stages: "[i]s time spent on the employer's premises waiting for, and undergoing, required exit searches of packages, bags, or personal technology devices voluntarily brought to work purely for personal convenience by employees compensable as 'hours worked' within the meaning of Wage Order 7?"  457 P.3d at 529.  Defendants do not dispute that hours spent on their premises due to security may be compensable "hours worked."  Rather, citing authority applying federal pleading standards not at issue in *Frlekin*, Defendants accurately observe that Plaintiff alleges no facts to support that he or class members worked more than 8 hours a day or 40 hours in a week due to such security.  *Ortega*,

CIVIL MINUTES—GENERAL                                                    13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                     Date:  April 3, 2020
Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

2019 WL 2871161, at *5 ("Missing are factual allegations of any policy or procedure
concerning the purported requirement that Plaintiff and the [class members] wait in
line to clock-in, the application or enforcement of such a policy by Defendant, or any
facts that suggest any such policy ever resulted in unpaid wages to Plaintiff.").  The
decision in *Frlekin*, which was based on onerous security measures implemented on
"all employees" pursuant to official policy, has no bearing on the allegations here, nor
does it require the Court to recognize inferences that do not arise from the TAC.

Accordingly, the Motion is **GRANTED** *without leave to amend* as to Plaintiff's
Third Claim.

### D.      **Plaintiff's Wage Statement Claim is Insufficiently Pled**

Defendants argue that Plaintiff's wage statement claim fails for three reasons.
First, Defendants argue that, because this claim is derivative of Plaintiff's other claims,
which fail, this claim should also fail.  (Motion at 10).  Second, Defendants argue that
Plaintiff fails to allege the "knowing and intentional failure" required to obtain
statutory damages or penalties under this claim.  (*Id*. at 11).  Finally, Defendants argue
that Plaintiff failed to plead the requisite injury because Plaintiff does not allege his
wage statements were inaccurate as to the wages paid to him.  (*Id*. at 12-13).

In opposition, Plaintiff argues he has met the requirements to assert a claim
under this section because "the TAC now plainly sets forth a claim that Plaintiff and
putative class members were not paid for all hours worked [] because of unpaid
security checks." (Opposition at 14).  Plaintiff explains that this means "that the wage
statements did not accurately reflect the total hours worked." (*Id*.)  Citing *Maldonado
v. Epsilon Plastics, Inc.,* 22 Cal. App. 4th 1308, 1135-36 (2018), Plaintiff argues that
his injury is presumed because "the factual allegations of the TAC if proven would
show that the wage statements do not accurately reflect the hours worked, because of
the unpaid off-the-clock security checks." (Opposition at 2, 14-17).

The Court agrees with Defendants.  Defendants are correct that Plaintiff
concedes his wage statement claim is derivative of his claims for unpaid wages and
missed breaks, which the Court has already determined do not state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                Date:  April 3, 2020
Title:        Rick Parsittie v. Schneider Logistics, Inc., et al.

(Opposition at 14).  Even if Plaintiff had stated a claim under these theories, Plaintiff does not dispute Defendants' alternative argument that the TAC alleges no facts showing that Defendants knowingly and intentionally provided Plaintiff with inaccurate wage statements.  *See* Cal. Labor Code § 226(e).  Not only is dismissal warranted for these reasons, the Court again determines that recovery under this claim would be impermissible because section 226 is not intended to permit a "double recovery" such as Plaintiff seeks here.  (MTD Order at 12).  Plaintiff's Opposition admits that his wage statement claim is based on the same theories as his claims for unpaid wages and missed breaks, which is impermissible.  *Pyara v. Sysco Corp.*, No. 2:15-CV-01208-JAM-KJN, 2016 WL 3916339, at *7 (E.D. Cal. July 20, 2016) ("[P]ermitting a plaintiff to use violations of meal and rest period regulations to form the basis of a CLC section 226 claim would result in an improper multiple recovery by the employee.").  In sum, Plaintiff does not address the deficiencies identified in Defendants' Motion—and those previously identified by the Court—as to his wage statement claim and again fails to support that claim with facts besides those alleged in support of his First through Third Claims.

Accordingly, the Motion is **GRANTED** *without leave to amend* as to Plaintiff's Fourth Claim.

### E.      Plaintiff's Waiting Time Penalties Claim is Insufficiently Pled

Defendants argue that Plaintiff's waiting time penalties claim fails for four reasons.  First, Defendants argue that it is "derivative of Plaintiff's legally deficient claims and allegations," and therefore fails.  (Motion at 15).  Second, Defendants argue that Plaintiff does not allege that Defendants' failure to make payments upon Plaintiff's termination was "willful," as required.  (*Id*. at 15-16).  Third, Defendants argue that Plaintiff fails to allege sufficient facts concerning his final paycheck, including (1) when he received it; (2) its amount; (3) which Defendant paid it; (4) the amount he should have received; and (5) whether his separation was due to a termination or resignation.  (*Id*. at 16).  Fourth, Defendants argue this claim also fails

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-3981-MWF (AFMx)**                  **Date:  April 3, 2020**
**Title:**      Rick Parsittie v. Schneider Logistics, Inc., et al.

because "wages earned" pursuant to section 203 do not include section 226.7 meal and
rest period payments.  (*Id*. at 17-18).

In opposition, Plaintiff argues that the "TAC contains allegations supporting an
inference that any unpaid off-the-clock work was a willful violation" because it
"alleges that unpaid-off-the-clock work occurred daily." (Opposition at 17) (citing
*United States v. Pac. Gas & Elec. Co.*, 2015 WL 9460313, at *5 (N.D. Cal. 2015)
("[W]here a corporation has a legal duty to prevent violations, and the knowledge of
that corporation's employees collectively demonstrates a failure to discharge that duty,
the corporation can be said to have "willfully" disregarded that duty.").

The Court agrees with Defendants.  Plaintiff's Opposition only addresses
Defendants' argument concerning willfulness, which is one of Defendants' four bases
for dismissal.  Plaintiff therefore concedes this claim is derivative of Plaintiff's First
through Third Claims, which the Court has already determined fail.  Plaintiff further
fails to dispute that the TAC does not allege required details concerning the nature and
receipt of his final paycheck.  *Chavez v. RSCR California, Inc.*, No. 2:18-CV-03137-
JAM-AC, 2019 WL 1367812, at *3 (E.D. Cal. Mar. 26, 2019) (dismissing waiting time
penalties claim because plaintiff did "not personally allege what wages she was owed
when her employment ended, or what wages were not included in her final wage
payment.").  Finally, Plaintiff fails to address Defendants' argument that his claim fails
to the extent it relies on failure to make payments under section 226.7 at Plaintiff's
termination.  In doing so, Plaintiff ignores the Court's previous instructions regarding
amendment and its citation of authority holding that "wages" awarded under section
226.7 do not count as "wages" under section 203.  (MTD Order at 14) (instructing that
"in an amended complaint Plaintiff would have to base this Claim on his Third Claim
or be prepare to rebut" authority previously raised by Defendants); *see also Jones v.
Spherion Staffing LLC*, No. LA CV11-06462 JAK, 2012 WL 3264081, at *9 (C.D. Cal.
Aug. 7, 2012) ("Plaintiff cannot advance a claim for . . . failure to pay wages due upon
termination based solely on alleged violations of section 226.7.").

Accordingly, the Motion is **GRANTED** *without leave to amend* as to Plaintiff's
Fifth Claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:        Rick Parsittie v. Schneider Logistics, Inc., et al.

### F.     Plaintiff's UCL Claim is Insufficiently Pled

Defendants argue Plaintiff's UCL claim fails for two reasons.  First, Defendants argue that it is based "on the defective allegations of [Plaintiff's] purported First through Third Causes of Action."  (Motion at 18).  Second, Defendants argue that it fails to the extent it is predicated on failure to make section 226.7 payments because UCL remedies are "generally limited to injunctive relief and restitution" and a section 226.7 "payment qualifies as neither."  (*Id.* at 18-19).  Plaintiff agrees that his UCL claim is derivative of his other claims.  (Opposition at 20).

Because the Court has already concluded that Plaintiff's other claims fail, the Motion is **GRANTED** *without leave to amend* as to Plaintiff's Sixth Claim.

### G.     Plaintiff's PAGA Claim is Insufficiently Pled

Defendants argue that Plaintiff's PAGA claim fails because it is derivative of his claims "for meal and rest break violations, unpaid wages, inaccurate wage statements, and late payment of final wages."  (Motion at 19).  Plaintiff agrees that his PAGA claim is derivative of his other claims.  (Opposition at 20).

Because the Court has already concluded that Plaintiff's other claims fail, the Motion is **GRANTED** *without leave to amend* as to Plaintiff's Seventh Claim.

### H.     Plaintiff's Cal. Lab. Code § 2810.3 Claim Fails

Plaintiff alleges liability against Defendants as "client employers" under section 2810.3 of the California Labor Code.  That statute provides that "[a] client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for ... [t]he payment of wages."  Cal. Lab. Code § 2810.3(b).  A client employer is "a business entity ... that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." *Id.* § 2810.3(a)(1)(A).  A labor contractor is "an individual or entity that supplies ... a client employer with workers to perform labor within the client employer's usual course of business."  *Id.* § 2810.3(a)(3).  The "usual course of business" is "the regular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                 Date:  April 3, 2020

Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

and customary work of a business, performed within or upon the premises or worksite
of the client employer." *Id.* § 2810.3(a)(6).  The statute requires that "[a]t least 30 days
prior to filing a civil action against a client employer for violations covered by this
section, a worker or his or her representative shall notify the client employer of
violations under subdivision (b)." *Id.* § 2810.3(d).

Defendants argue that this claim fails for five reasons.  First, Defendants argue
that it exceeds the Court's leave to amend.  (Motion at 20).  Second, Defendants argue
that Plaintiff failed to comply with notice requirements.  (*Id.* at 20-21).  Third,
Defendants argue that section 2810.3 does not provide a private cause of action.  (*Id.* at
21-22).  Fourth, Defendants argue that Plaintiff does not allege whether Defendants are
"client employers" or "labor contractors," or that Plaintiff's job responsibilities are
within Defendants' "usual course of business."  (*Id.* at 22-23).  Fifth, Defendants argue
that section 2810.3 only applies to Plaintiff's claim for unpaid wages and therefore
should be dismissed to the extent it is premised on other claims.  (*Id.* at 23).

In opposition, Plaintiff argues that the Court already granted Plaintiff leave to
add this claim, that section 2810.3 "plainly creates a private right of action," and that
the TAC sufficiently alleges that Defendants are "client employers."  (Opposition at 9-
11).  Next, Plaintiff argues that he complied with pre-filing notice requirements, as he
did not assert a section 2810.3 claim until filing the TAC.  (*Id.* at 11-12).  Plaintiff
further argues that the TAC alleges Plaintiff worked in the ordinary course of
Defendants' business because it alleges Plaintiff "worked five days a week, full time
for a year." (*Id.* at 12-13).  Finally, Plaintiff agrees that section 2810.3 is only
applicable to claims for unpaid wages.  (Opposition at 13).

As a preliminary matter, the Court determines that addition of this claim does
not exceed the Court's leave to amend because the Court previously permitted such an
amendment subject to Defendants' objections, which Defendants raised in the Motion
and the Court addresses now.  (Docket No. 54 at 4-5).

As to notice, Plaintiff alleges he "notified the client employer of violations under
2810.3" on March 15, 2019, almost nine months before the TAC was filed on
December 13, 2019, but almost six months after he filed this lawsuit on September 21,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:       Rick Parsittie v. Schneider Logistics, Inc., et al.

2018.  (TAC ¶ 135).  Plaintiff argues notice was timely because "at the time the lawsuit
was filed, it contained no allegations asserting liability under section 2810.3" and the
TAC is the first "civil action against a client employer" under the statute.  (Opposition
at 12).  Defendants respond that Plaintiff's notice was untimely because Plaintiff's
initial complaint alleged violations regarding "the payment of wages" as provided for
in section 2810.3(d).  (Reply at 13-14).  Neither party cites authority addressing the
statute and "[t]here is limited authority on client employer liability pursuant to
California Labor Code § 2810.3."  *Bravo v. On Delivery Servs., LLC*, No. 18-CV-
01913-EMC, 2019 WL 493809, at *2 n.1 (N.D. Cal. Feb. 8, 2019).

     Only one case appears to address the notice required, for pleading purposes,
when a section 2810.3 claim first appears in an amended complaint, *Johnson v.
Serenity Transportation, Inc.,* No. 15-CV-02004-JSC, 2016 WL 270952, at *8 (N.D.
Cal. Jan. 22, 2016).  Plaintiffs there asserted a section 2810.3 claim for the first time in
a second amended complaint, which the Court characterized as "a new theory of
liability based on the same facts and claims that had already been alleged in two earlier
iterations of the pleadings."  (*Id.)*  Plaintiffs did not allege they provided Defendants
with notice.  (*Id.*)  But the Court did not require "strict compliance" with notice
requirements, reasoning that "Plaintiffs did not initiate a new civil action under Section
2810.3, which is the procedural posture that the statute envisions."  (*Id.*)  The court
further deduced that "Defendants were already on notice that these claims existed and
the addition of Section 2810.3 did not represent a major change in the scope of the
claims or in the tenor of the case."  (*Id.)* (internal quotations omitted).  The court
concluded that "[t]his notice suffices, at least at the pleading stage, to proceed with a
section 2810.3 claim."  (*Id.)*

     The statute's plain language and Plaintiff's complaints warrant a different result.
Again, subsection 2810.3(d) requires that "at least 30 days prior to filing a civil action
against a client employer for violations covered by this section, a worker or his
representative shall notify the client employer of violations under subdivision (b)."
Cal. Labor Code § 2810.3(d).  The only violation under subsection (b) relevant here is
failure to pay wages and Defendants are the only alleged "client employer" in this
lawsuit.  *Id.* § 2810.3(b).  Plaintiff's initial complaint is premised on the same alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3981-MWF (AFMx)                    Date:  April 3, 2020
Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

failure to pay wages as the TAC.  (*Compare* Complaint ¶¶ 1, 13, 16, 57-75, 83-93 *with* TAC ¶¶ 1, 13, 16, 31, 67-85, 93-103).  Defendants allegedly failing to pay wages identified in both the initial complaint and the TAC therefore constitutes "violations covered by this section." And a plaintiff seeking recovery for "violations covered by this section"—*i.e.* unpaid wages—must provide notice "prior to filing a civil action" that prays for such wages.  *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929–30 (N.D. Cal. 2012) (pre-suit notice of warranty claim required before initial complaint, not amended complaint first asserting warranty claim).

Plaintiff in *Donohue* argued he was not required to "provide notice before filing suit" because he notified defendant "of its alleged breach before he filed his amended complaint, in which he asserted warranty claims for the first time." *Id.* at 929. Plaintiff argued that requiring pre-suit notice "would preclude aggrieved parties from bringing warranty claims based on facts identified after the filing of an initial complaint" and "frustrate the purposes" of Rule 15. *Id.* The court rejected those arguments, noting that "Plaintiff has not indicated that his warranty claims are based on facts discovered after he first filed suit," as "he was already litigating substantially similar claims based on the same facts that underlie his warranty claims" when he sent notice. *Id.* The court reasoned that "allowing plaintiff to assert a warranty claim without first giving notice would completely eliminate" pre-litigation settlements or remedies and "invite gamesmanship by plaintiffs who know they intend to assert a warranty claim but want to avoid giving a defendant notice before filing suit." *Id.*

Similarly, the TAC alleges no new facts concerning unpaid wages that justify delayed notice.  On the contrary, Plaintiff's Eighth Claim prays for the same unpaid wages as his previous complaints but does so via legal conclusions under the header "Sharing of Liability with Labor Contractor." (TAC ¶¶ 128-142).  But the statute ties notice to the first complaint alleging "violations covered by" section 2810.3, not the first amended complaint citing section 2810.3 as a basis for recovery.  Because Plaintiff failed to provide notice at least "30 days prior to filing a civil action" premised on "violations covered by" section 2810.3, his notice was untimely, his claim must be dismissed, and the Court need not consider Defendants' alternative arguments concerning this claim.  *Donohue*, 871 F. Supp. 2d at 929–30 ("Because there appears

CIVIL MINUTES—GENERAL                                                    20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 19-3981-MWF (AFMx)**                      Date:  **April 3, 2020**

Title:      Rick Parsittie v. Schneider Logistics, Inc., et al.

to be no dispute as to whether plaintiff gave [defendant] pre-suit notice of its alleged breach or whether plaintiff had knowledge of the facts supporting his warranty claims before filing his original complaint, dismissal of this claim is with prejudice.”).

Accordingly, the Motion is **GRANTED** *without leave to amend* as to Plaintiff's Eighth Claim.

## I.      **Defendants' Remaining Arguments**

Because the Court determines that all of Plaintiff's causes of action fail to state a claim, the Court will not rule on Defendants' arguments regarding (1) Plaintiff's failure to adequately plead joint employer liability, (2) Plaintiff's lack of standing to seek injunctive relief, or (3) Plaintiff's failure to state a claim under section 204.

## V.      **CONCLUSION**

For the reasons set forth above, the Motion is **GRANTED** *without leave to amend*.  The action is **DISMISSED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.