UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 19-03981-MWF (AJRx) | **Date:** | July 15, 2025 |
| **Title:** | Rick Parsittie v. Schneider Logistics, Inc. et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                    Court Reporter:
Rita Sanchez                     Not Reported

Attorneys Present for Plaintiffs:   Attorneys Present for Defendant:
None Present                        None Present

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [125]; ENTRY OF JUDGMENT

Before the Court is a Motion for Judgment on the Pleadings (the "Motion") filed by Defendant Schneider Logistics Inc. ("Defendant" or "SLI") on May 1, 2025. (Docket No. 125). Defendant filed a Notice of Plaintiff's Failure to Timely Oppose Defendant's Motion on May 23, 2025. (Docket No. 126). Plaintiff Rick Parsittie filed an Opposition on May 29, 2025. (Docket No. 127). Defendant filed a Reply on June 27, 2025. (Docket No. 130).

The Court has read and considered the papers on the motions and held a hearing on **July 14, 2025**.

The Motion is **GRANTED** *without leave to amend*. It is undisputed at this stage in the litigation the Plaintiff did not work for this employer. He therefore has no standing to bring representative claims. Plaintiff's attempt to seek affirmative relief—leave to file a Sixth Amended Complaint (six years into this litigation and against a previously-named Defendant as to whom he abandoned his claims)—is unavailing.

## I. BACKGROUND

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Granting in Part and Staying in Part SLI's Motion to Compel Individual Arbitration (Docket No. 109), the Court's Order Denying Defendants' Motion to Dismiss Case and/or Strike Plaintiff's Fifth Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-03981-MWF (AJRx) | **Date:**  July 15, 2025 |
| **Title:** | Rick Parsittie v. Schneider Logistics, Inc. et al. | |

Complaint (Docket No. 94), and the Orders cited therein.  Therefore, the Court will not repeat all of those facts here but incorporates by reference the factual background from those prior orders.

On April 10, 2025, the Court issued its Order Denying Plaintiff's Motion for Reconsideration and Granting Defendant's Motion for Order Confirming Arbitration Award (the "Confirmation Order").  (Docket No. 124).  The Court found that "Plaintiff has articulated no reason for the Confirmation Motion to be denied other than that he should not have been ordered to arbitration in the first instance." (*Id.* at 2).  The Court then addressed and dismissed Plaintiff's arguments that he was improperly compelled to arbitration.  (*Id.* at 2-4).  The Court then confirmed the arbitration award.  (*Id.* at 4).  As the parties appear to agree, the arbitrator entered summary judgment in favor of Defendant on the grounds that Defendant was not Plaintiff's employer and that his individual PAGA claims were time-barred.  (Motion at 1; Opposition at 4).

Defendant now seeks judgment on the pleadings as to Plaintiff's representative PAGA claims, which were stayed during the arbitration proceedings on Plaintiff's individual PAGA claims.  (*See generally* Motion).  Defendant seeks to apply the arbitrator's determination that Defendant was not Plaintiff's employer and that his individual claims were time-barred as rationales for this Court to find that Plaintiff cannot bring PAGA claims in a representative capacity.  (*See generally id.*).

Plaintiff argues that he may pursue representative PAGA claims even if he has no individual PAGA claims, and that the operator of the facility he worked at, Schneider Logistics Transloading and Distribution ("SLTD"), should be substituted into this action under the "relation back" doctrine.  (*See generally* Opposition).  The Court understands this argument to be a request to file a Sixth Amended Complaint for the purposes of adding SLTD as a party.  SLTD was a Defendant in this action until Plaintiff's Fifth Amended Complaint, which substantively dropped SLTD as a Defendant.  (*See generally* Fifth Amended Complaint (Docket No. 87)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-03981-MWF (AJRx) | Date:  July 15, 2025 |
| Title:     Rick Parsittie v. Schneider Logistics, Inc. et al. | |

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The analysis for Rule 12(c) motions for judgment on the pleadings is "substantially identical to [the] analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (citation omitted).

## III.   DISCUSSION

As the Court sees it, granting the Motion rests on a straightforward application of the issues examined by the arbitrator, whose award the Court has already confirmed.  Specifically, if Plaintiff was never employed by Defendant, why would he be able to bring claims on behalf of Defendant's employees?  To the extent Plaintiff argues that he nonetheless may bring representative claims, the Court disagrees for the reasons explained below.  The second question is whether the Court should allow Plaintiff to file a Sixth Amended Complaint to name SLTD as his employer, rather than Defendant.  Plaintiff claims doing so would be proper under the relation back doctrine.  Because the Court disagrees, there is no reason to grant leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-03981-MWF (AJRx)            Date:  July 15, 2025
Title:  Rick Parsittie v. Schneider Logistics, Inc. et al.

A confirmed arbitral award has the same preclusive effect as if a litigated matter had been determined by a court: "The Federal Arbitration Act contains an express statutory command that a federal-court judgment confirming an arbitrator's decision be given 'the same force and effect' as any other judgment from a federal court, 'including the same preclusive effect.'" *Hansen v. Musk*, 122 F.4th 1162, 1171 (9th Cir. 2024) (quoting *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019)):

> For issue preclusion to apply, the party seeking preclusion must show "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."

*Id.* at 1173 (quoting *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017)).

Defendant has demonstrated that the issue of whether it was Plaintiff's employer was fully litigated in the arbitration and was part of the arbitrator's decision on the merits in granting summary judgment. Plaintiff does not actually argue that issue preclusion does not apply; rather, Plaintiff appears to argue that even if the Court gives preclusive effect to this finding, Plaintiff should still be permitted to bring representative PAGA claims on behalf of employees ***who worked for a different company***.

The Court finds this position unsupported. Plaintiff relies principally on *Balderas v. Fresh Start Harvesting, Inc.*, 101 Cal. App. 5th 533, 320 Cal. Rptr. 3d 326 (2024), which Plaintiff argues stands for the proposition that "a representative PAGA plaintiff does not need to have a viable 'individual' PAGA claim to pursue representative claims." (Opposition at 5). This argument relies on a fundamental misreading of *Balderas*. The court of appeal's holding in that case was clear and unambiguous: "Here we hold that an employee who does not bring an individual claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-03981-MWF (AJRx) | Date: July 15, 2025 |
| Title: Rick Parsittie v. Schneider Logistics, Inc. et al. | |

against her employer may nevertheless bring a PAGA action for herself and other employees of the company." *Balderas*, 101 Cal. App. 5th at 536.

That holding is inapplicable to the facts of this case in two ways. First, Plaintiff *did* seek to bring individual claims—they were litigated to summary adjudication in arbitration. Second, *Balderas* is clear that a plaintiff may bring a representative PAGA claim on behalf of "herself and **other employees of the company**." *Id.* (emphasis added). *Balderas* does not contemplate that a **non-employee** could bring representative PAGA claims, as would be the case here to the extent Plaintiff brings his claims against this Defendant.

While Plaintiff cites several authorities suggesting the bar for PAGA standing is lower than in other matters, Plaintiff cites no authority, and the Court is aware of none, finding that a non-employee can bring representative PAGA claims on behalf of employees. Were Plaintiff's position the law, there would be no limiting principle. Plaintiff articulates none. The logical conclusion of Plaintiff's argument is that a concerned citizen could bring a representative PAGA claim on behalf of workers at a company with which he has no association. That is not the law. "[N]ot every private citizen in California can serve as the state's representative. Instead, only an aggrieved employee has standing under PAGA. An 'aggrieved employee' is 'any person ***who was employed by the alleged violator*** and against whom one or more of the alleged violations was committed.'" *Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal. App. 5th 924, 928-29, 281 Cal. Rptr. 3d 478 (2021) (quoting Cal. Labor Code § 2699(c)(1)) (emphasis added).

The arbiter, whose award has been confirmed and is given preclusive effect for purposes of the Motion, also found that Plaintiff's individual claims were barred by the statute of limitations. The Court believes the action must be dismissed as against Defendant on standing grounds, rendering the statute of limitations argument superfluous in some sense as applied to Defendant. But it is relevant because Plaintiff argues in the Opposition that he should be granted leave to amend a Sixth Amended Complaint naming SLTD as the Defendant in this action, and that the relation back

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-03981-MWF (AJRx)                                   Date:  July 15, 2025
Title:    Rick Parsittie v. Schneider Logistics, Inc. et al.

doctrine prevents naming SLTD from being untimely.  If the action would not be untimely, there would be no cause for the application of the relation back doctrine.

    Plaintiff relies primarily on *Johnson* and *Osuna v. Spectrum Security Services, Inc.*, 111 Cal. App. 5th 516, 332 Cal. Rptr. 3d 863 (2025), for the proposition that a PAGA plaintiff may maintain representative claims, although his individual PAGA claims are untimely.  (Opposition at 12-14).  The Court finds that Plaintiff's argument rests on a confusion between PAGA's standing requirement and its statute of limitations requirement.

    "[T]he statute of limitations is tied to [a] PAGA plaintiff's individual claims, and . . . the PAGA plaintiff must bring a PAGA action ( . . . by serving notice on the Agency) within one year of the last Labor Code violation he or she individually suffered."  *Williams v. Alacrity Sols. Grp., LLC*, 110 Cal. App. 5th 932, 331 Cal. Rptr. 3d 877 (2025).  Here, the arbitrator found that Plaintiff's individual claims were untimely because Plaintiff filed his PAGA notice more than one year after the accrual of his claims.  (Motion at 5 (citing Declaration of Sabrina A. Beldner (Docket No. 117), Ex. 9 ("Arbitration Award") at 928-29)).

    *Johnson* held that a PAGA plaintiff "whose individual claim is time-barred[] may still pursue a representative claim under PAGA."  *Johnson*, 66 Cal. App. 5th at 929.  Although this language is broad, the court there clarified that the question was one of standing:  "In short, . . . Johnson has standing to bring the subject PAGA claim."  *Id.* at 932.  As other courts have recognized, *Johnson* did not reach the statute of limitations issue.  *See Williams*, 110 Cal. App. 5th ("*Johnson* explicitly stated that it was construing PAGA's **standing** prerequisite, and declined to address PAGA's **statute of limitations** prerequisite.") (emphasis in original).

    At the very least, there are three prerequisites a PAGA plaintiff must meet:  "(1) qualifying as an 'aggrieved employee,' (2) providing written notice to the LWDA, and (3) satisfying the statute of limitations."  *Osuna*, 111 Cal. App. 5th at 516.  In construing this line of cases, the court in *Osuna* determined that a Plaintiff who abandoned their individual claims "could not satisfy the requirement that a PAGA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-03981-MWF (AJRx) | Date:  July 15, 2025 |
| Title:       Rick Parsittie v. Schneider Logistics, Inc. et al. | |

action be brought on behalf of [the PAGA plaintiff] *and* other current or former employees." *Id.* (quoting *Williams*, 110 Cal. App. 5th at 942) (cleaned up).

This action is similar.  As Defendant notes, Plaintiff abandoned his claims as against SLTD upon filing the Fifth Amended Complaint.  Plaintiff no longer sought relief from SLTD, and the arbitrator granted summary judgment in favor of Defendant on the basis that SLTD, not Defendant, actually operated the facility at which Plaintiff suffered the alleged violations.  The claims against SLTD having been abandoned, the Court therefore finds that this action is not timely against that prospective Defendant.

Put another way, even if the untimeliness is not a bar to Plaintiff's standing, his abandonment of claims against SLTD creates an independent statute of limitations issue.  And, of course, for the reasons already described, Plaintiff lacks standing as against Defendant because he was not an employee, let alone an "aggrieved employee."

Plaintiff argues that the Court should apply the relation back doctrine to allow Plaintiff to amend his claims to re-make allegations against SLTD that he previously abandoned.  (Opposition at 8-12).  Plaintiff summarizes his argument in this way:

> As a general rule, "an amended complaint that adds a new defendant does *not* relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176, 89 Cal. Rptr. 2d 20 (1999) (italics added).  But where an amendment does not add a "new" defendant, but simply corrects a misnomer by which an "old" defendant was sued, case law recognizes an exception to the general rule of no relation back.

(Opposition at 10 (cleaned up)).  Plaintiff then clarifies that he "seeks to correct a mistake in the defendant's name."  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-03981-MWF (AJRx)                                         Date:  July 15, 2025
Title:      Rick Parsittie v. Schneider Logistics, Inc. et al.

    The Court does not believe the relation back doctrine is applicable here, for the simple reason that Plaintiff was under no misapprehension of SLTD's corporate name. Indeed, Plaintiff ***previously named*** SLTD as a Defendant in this dispute, and ***voluntarily*** amended his Complaint (for the fifth time) to functionally cease bringing this action as against SLTD.

    The "misnomer" rule under the relation back doctrine, meanwhile, applies to a very different kind of case. Under Federal Rule of Civil Procedure 15, an amendment relates back if, among other requirements,

> the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, ***but for a mistake concerning the proper party's identity***.

Fed. R. Civ. P. 15(c)(i)-(ii) (emphasis added). Plaintiff's argument is functionally that there was a mistake about the proper party's identity: If he had known at the time of the Fifth Amended Complaint that SLTD, not Defendant, operated the subject facility, he would not have made the strategic choice that he made in pursuing this action against Defendant to the exclusion of SLTD.

    The Court is unsure why Plaintiff did not continue pursuing this action against SLTD and will not speculate. But "tactical decisions by plaintiffs as to whom to sue do not constitute mistakes at all for purposes of [Rule 15]." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1498.3 (3d ed. 2025). Here, Plaintiff knew all along that SLTD potentially had liability in this action. Plaintiff named SLTD across the many iterations of the Complaint. And, as the Court already found, "[o]rdinary diligence, like searching public court records for cases involving the same facility, would have revealed the operator of the Mira Loma facility." (Confirmation Order at 3). That is, Plaintiff could have easily determined, before filing the Fifth Amended Complaint, which of the named Defendants operated the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-03981-MWF (AJRx) | Date: July 15, 2025 |
| Title: Rick Parsittie v. Schneider Logistics, Inc. et al. | |

facility. The Court finds it would be improper to further drag out this litigation to give Plaintiff yet another bite at the apple in light of his own strategic choices.

Furthermore, the confirmed arbitration award affirmatively found that Defendant "is not simply a misnomer for 'SLTD.'" (Arbitration Award at 925). This was a separate finding from the arbitrator's determination that arbitration was an inappropriate forum for SLTD to be reinserted into the case. (*Id.* at 925-27). As stated above, the Court gives preclusive effect to the findings of the arbitrator on those issues which were actually litigated in front of the arbitrator.

Accordingly, the Motion is **GRANTED**.

## IV.  LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).

Of course this Court is particularly mindful of these requirements in this case. *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished).

These factors weigh against granting leave to amend. The Court has no reason to believe bad faith is present, but Plaintiff has been granted five amendments in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-03981-MWF (AJRx) | Date: July 15, 2025 |
| Title: Rick Parsittie v. Schneider Logistics, Inc. et al. | |

action and this action has been open for over six years. Accordingly, further amendment would cause undue delay and would prejudice Defendant (or SLTD).

Moreover, amendment would be futile. Plaintiff was not an employee of Defendant and cannot maintain his representative PAGA claims against Defendant. Plaintiff's claims are time-barred as against SLTD and the action does not become timely through application of the relation back doctrine.

Accordingly, the Motion is **GRANTED** *without leave to amend*, and the action is **DISMISSED**.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.